1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH TYLER LITTLEFIELD,

                    Plaintiff,

        v.

JERI BOE et al.,

                    Defendant.

Case No. C21-05296-JLR-SKV

REPORT AND RECOMMENDATION

Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action.  Presently pending before the Court is Plaintiff's complaint. Dkt. 9.  Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, the Court recommends the complaint, Dkt. 9, be dismissed without prejudice.

BACKGROUND

Plaintiff is currently confined at Clallam Bay Corrections Center (CBCC).  Plaintiff's complaint names as Defendants Jeri Boe, Superintendent at CBCC, Laura Paul, Corrections Specialist in charge of Prison Rape Elimination Act (PREA) coordination at CBCC, and Christopher Gross, Custody Unit Supervisor at CBCC.  Dkt. 9.  Plaintiff's complaint appears to

1    allege denial of his right to equal protection based upon Defendants' alleged failure to properly

2    process or respond to his PREA complaint related to an alleged sexual assault by a non-

3    defendant former DOC employee Natalie McNary on January 3, 2021.  *Id.*  Plaintiff also alleges

4    Defendant Gross, due to his deliberate indifference and inaction, has allowed Plaintiff to be

5    repeatedly victimized by CBCC staff members.  *Id.*  Plaintiff alleges that after he was sexually

6    assaulted by Ms. McNary, he attempted to submit a PREA complaint form but, due to negligence

7    by Defendant Paul, was provided an incorrect address to send the complaint form to.  *Id.*

8        Plaintiff also appears to allege a violation of his equal protection rights based on a

9    confinement modification order and Defendants' failure to properly respond or adequately

10   address various other complaints related to a report of a verbal assault by a staff member, a

11   report of theft of Plaintiff's property, a criminal act, acts of retaliatory harassment and collective

12   discrimination, reports of other PREA incidents that were not addressed nor preventive measures

13   put in place, as well as security enhancement plans that violate his 8th, 14th and 5th Amendment

14   rights.  *Id.*  Plaintiff provides no specific facts related to these other incidents in his complaint.

15   *Id.*  Plaintiff refers to various attached grievances but many of these attachments are difficult to

16   read and, in any event, do not provide adequate facts for the Court to discern the factual or legal

17   basis for Plaintiff's claims.  *Id.*

18        As relief, Plaintiff seeks declaratory and injunctive relief as well as compensatory and

19   punitive damages.  *Id.*

20                    DISCUSSION

21        Under the Prison Litigation Reform Act of 1995, the Court is required to screen

22   complaints brought by prisoners seeking relief against a governmental entity or officer or

23   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Similarly, under 28 U.S.C. § 1915(e)(2), where a plaintiff proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court is also required to dismiss the complaint if it fails on these same grounds. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under these statutes, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1   In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

2   suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

3   the violation was proximately caused by a person acting under color of state law.  *See Crumpton*

4   *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first step in a § 1983 claim is therefore to

5   identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266,

6   271 (1994).  To satisfy the second prong, a plaintiff must allege facts showing how individually

7   named defendants caused, or personally participated in causing, the harm alleged in the

8   complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Plaintiff must also plead

9   facts showing the defendants were acting under color of state law.  *Gibson v. United States*, 781

10  F.2d 1334, 1338 (9th Cir. 1986).

11  *A.*          *Equal Protection*

12  Plaintiff's complaint appears to allege denial of his right to equal protection based upon

13  Defendants' failure to properly process or respond to his PREA complaint related to an alleged

14  sexual assault by a non-defendant former DOC employee Natalie McNary on January 3, 2021.

15  He also appears to allege violation of his right to equal protection based on various other

16  incidents and complaints, the factual bases of which are unclear.

17  "The Equal Protection Clause of the Fourteenth Amendment commands that no State

18  shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

19  essentially a direction that all persons similarly situated should be treated alike."  *City of*

20  *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S.

21  202, 216 (1982)).  "To state a § 1983 claim for violation of the Equal Protection Clause, a

22  plaintiff must show that he was treated in a manner inconsistent with others similarly situated,

23  and that the defendants acted with an intent or purpose to discriminate against the plaintiff based

upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citation omitted).

Alternatively, when an action does not implicate a protected class such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that he has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). To "'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Here, Plaintiff fails to allege any facts demonstrating that he was treated differently than other similarly situated prisoners. Accordingly, Plaintiff has failed to state a claim.

**B.        PREA**

Plaintiff also makes various allegations related to PREA. To the extent Plaintiff is alleging violations of the PREA itself, his claims fail.

A private right of action "to enforce federal law must be created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001). To state a cognizable claim under 42 U.S.C. § 1983, "a plaintiff must assert the violation of a federal *right,* not merely a

violation of federal *law.*" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997), *holding modified by Harz v. Borough of Spring Lake*, 234 N.J. 317 (2018) (emphasis in original). The PREA "'authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission,' but there is nothing in the PREA to indicate that it created a private right of action, [or that it is otherwise] enforceable under § 1983." *Watkins v. Tuolumne County Jail*, 2019 WL 95508, at *3 (E.D. Cal. Jan. 3, 2019) (quoting 42 U.S.C. §§ 15601-15609).

Accordingly, to the extent Plaintiff's complaint alleges violations of the PREA itself these claims fail to state a claim upon which relief can be granted. *See, e.g., Blessing*, 520 U.S. at 340; *Watkins*, 2019 WL 95508, at *3; *Hatcher v. Harrington*, 2015 WL 474313, at *4-5 (D. Hawaii, Feb. 5 2015); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended) (a complaint fails to state a claim if it lacks a cognizable legal theory).

**C.        *Grievance Process***

Similarly, to the extent Plaintiff is alleging violations of the grievance process, he likewise fails to state a claim.

Because prisoners are not entitled to prison grievance procedures as a matter of course, a claim that prison officials failed to comply with such procedures or failed to resolve a particular grievance in a favorable manner is not, on its own, cognizable under Section 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process plaintiff's grievances not actionable under Section 1983); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert. denied*, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

1   Thus, to the extent Plaintiff is alleging violations of the grievance process itself, he fails
2   to state a claim.

3   **D.        *Retaliation***

4   Plaintiff's complaint also appears to make general allegations of retaliation but provides
5   insufficient facts to support such a claim.

6   A First Amendment retaliation claim in the prison context requires the plaintiff to prove:
7   (1) the state actor took some adverse action against an inmate (2) because of (3) that prisoner's
8   protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment
9   rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v.*
10  *Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  To establish causation, plaintiff must allege
11  facts to support a link between the exercise of a constitutional right and the alleged retaliatory
12  action. *Pratt v. Rowland*, 65 F.3d 802, 806–07 (9th Cir. 1995).  Although "timing can be
13  properly considered as circumstantial evidence of retaliatory intent," generally there must be
14  something more than timing alone to support an inference of retaliatory intent.  *Pratt*, 65 F.3d at
15  808.

16  Here, plaintiff's generalized conclusory allegations of retaliation are insufficient to state a
17  claim.

18  **E.        *Eighth Amendment***

19  Plaintiff alleges he was sexually assaulted by Natalie McNary but does not name her as a
20  defendant.

21   "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a
22  prison staff member, acting under color of law and without legitimate penological justification,
23  touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff

member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning

the prisoner." *Bearchild v. Coban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Plaintiff has failed to name Ms. McNary as a Defendant or include specific facts to

support his allegation of sexual assault. Accordingly, Plaintiff fails to state a claim.

Plaintiff also makes general allegations of deliberate indifference by Defendants based on

their failure to protect him from victimization from CBCC staff members.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee

the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In cases alleging a

constitutional violation based on a failure to prevent harm, the Plaintiff must first meet an objective

component by showing "he is incarcerated under conditions posing a substantial risk of serious

harm." *Id.* at 834. A Plaintiff must also meet a subjective component by showing the prison

official acted with deliberate indifference to inmate health or safety. *Id.* at 834; *Helling v.*

*McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth

Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official

cannot be found liable under the Eighth Amendment . . . unless the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must

also draw the inference." *Farmer*, 511 U.S. at 832; *see also Wallis v. Baldwin*, 70 F.3d 1074, 1077

(9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have perceived

but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*, 511 U.S.

at 838.

In this case, Plaintiff presents vague, conclusory statements that Defendants acted with

deliberate indifference but fails to allege facts showing he was at risk of serious harm and that each

1  Defendant had knowledge of that risk and failed to take action to eliminate the harm.  Accordingly,

2  Plaintiff fails to state a claim.

3  **F.**              ***Rule 8, Conclusory Statements, Any Other Claims***

4        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a

5  short and plain statement of the claim showing that the pleader is entitled to relief, in order to

6  give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl.*

7  *Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)).

8        In many instances, the allegations of Plaintiff's complaint are vague or confusing and he

9  fails to allege sufficient facts from which it may be inferred that the named Defendants violated

10 his constitutional rights.  Accordingly, to avoid dismissal for failure to state a claim, Plaintiff was

11 advised that he must include more than "naked assertions," "labels and conclusions" or "a

12 formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  He

13 was advised that a claim upon which the court can grant relief has facial plausibility; in other

14 words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the

15 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16 *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

17        Plaintiff was advised that in order to state a claim under 42 U.S.C. § 1983, a complaint

18 must establish "the violation of a right secured by the Constitution and the laws of the United

19 States, and must show that the alleged deprivation was committed by a person acting under color

20 of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  He was further advised that with respect

21 to all of the claims discussed above and with respect to any additional claims he intended to

22 allege he must write out short, plain statements telling the Court: (1) the constitutional right he

23 believes was violated; (2) the name of the person who violated the right; (3) exactly what that

1   person did or failed to do; (4) how the action or inaction of that person is connected to the

2   violation of his constitutional rights; and (5) what specific injury he suffered because of that

3   person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

4        Plaintiff was advised that if he failed to affirmatively link the conduct of each named

5   Defendant with the specific injury suffered by Plaintiff, the claim against that Defendant would

6   be dismissed for failure to state a claim.  Plaintiff was also advised that conclusory allegations

7   that a defendant or a group of defendants have violated a constitutional right are not acceptable

8   and would be dismissed.  Plaintiff failed to file an amended complaint remedying these

9   deficiencies. Thus, with respect to any additional claims he intends to allege in his complaint, he

10  fails to satisfy the requirements of Rule 8 to state a claim.

11  **G.        *Leave to Amend***

12       The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

13  have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

14  cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

15  The Court instructed Plaintiff regarding the deficiencies of his original complaint and was given

16  the opportunity to file an amended complaint curing these deficiencies.  Plaintiff failed to file an

17  amended complaint addressing these deficiencies.  As such, it appears Plaintiff is unable to

18  overcome the deficiencies of his complaint by amendment.  Accordingly, the Court recommends

19  Plaintiff not be given additional leave to amend.  *See Swearington v. California Dep't of Corr. &*

20  *Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its

21  discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's

22  deficiencies despite the district court's specific instructions about how to do so); *see also Fid.*

23  *Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986)

1    ("The district court's discretion to deny leave to amend is particularly broad where the court has

2    already given the plaintiff an opportunity to amend his complaint.").

3                                                    CONCLUSION

4            For the above stated reasons, the undersigned recommends Plaintiff's complaint, Dkt. 9,

5    be dismissed without prejudice for failure to state a claim upon which relief can be granted. *See*

6    28 U.S.C. § 1915A.

7            A proposed order accompanies this Report and Recommendation.

8            Objections to this Report and Recommendation, if any, should be filed with the Clerk and

9    served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

10   and Recommendation is signed.  Failure to file objections within the specified time may affect

11   your right to appeal.  Objections should be noted for consideration on the District Judge's

12   motions calendar for the third Friday after they are filed.  Responses to objections may be filed

13   within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

14   will be ready for consideration by the District Judge on **October 15, 2021**.

15           Dated this 20th day of September, 2021.

16

17                                                   S. KATE VAUGHAN
                                                     United States Magistrate Judge
18

19

20

21

22

23

REPORT AND RECOMMENDATION - 11